IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DORIAN V. NEAL,

    Plaintiff,

v.

REED RICHARDSON, JASON ACTHERBERG, and BRAD LUNMARK,

    Defendants.

ORDER

Case No. 17-cv-146-wmc

On March 10, 2017, I denied plaintiff Dorian V. Neal's Motion to Authorize Payment of Filing Fees from Both Trust and Release Accounts because there is no federal authority permitting this court to access his release account to pay his full filing fee. (Dkt. #3.) I therefore directed plaintiff to either pay the full filing fee or submit a motion for leave to proceed without prepayment by March 31, 2017. Plaintiff has done neither, and instead on March 24, 2017, he filed a motion seeking reconsideration of that order, on the ground DOC policy (DAI 309.45.02(A)) explicitly permits the WDOC to pay his filing fee from his release account. (Dkt. #5.) For the reasons that follow, I am denying his motion.

Under DAI 309.45.02(A), the WDOC is permitted to make the following type of payment from an inmate's release account: "PLRA fees (with notification directly from the courts and if regular account and regular savings account funds are not available)." While I agree that this policy permits the court to direct the WDOC to access inmate release account funds in certain circumstances, those circumstances do not apply for the purpose plaintiff seeks.

As an initial matter, plaintiff has not sought leave to proceed *in forma pauperis* pursuant to the terms of 28 U.S.C. § 1915(a)(2), so the court cannot assess whether "regular account and savings account funds" are, in fact, not available.

Even if plaintiff had submitted a request to proceed *in forma pauperis* and submitted the proper documentation showing that his regular and savings account funds are not available to pay the full filing fee, no federal law permits this court to require state officials to submit the entire filing fee by accessing a prisoner's release account funds. The Prisoner Litigation Reform Act ("PLRA") permits this court to order an institution to access a prisoner's release account funds to satisfy the initial partial filing fee payment because it provides that the court shall assess that fee based on the greater of the "average monthly deposits to the prisoner's account" or "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint ...." 28 U.S.C. § 1915(b)(1). Payment of the remainder of the filing fee is different; the PLRA provides that

--

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). As the subsequent monthly payments of the filing fee must be drawn from the prisoner's "preceding monthly income," and does not reference the prisoner's "account" more generally, no statutory authority supports plaintiff's desire to pay the full fee with his release account funds. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005) ("[N]othing in the fee collection provision of § 1915 can be read as requiring the state to allow a prisoner to pay off the balance of a federal court filing fee from money carried

over several months in his release account ...."). The three cases plaintiff cites in his motion for reconsideration do not suggest otherwise.

First, he cites *Clark v. Foster*, Case No. 3:16-cv-603-jdp (W.D. Wis. Jan. 24, 2017). However, in that case, the court did not direct the WDOC to pay the plaintiff's full filing fee from his release account. Rather, the court acknowledged that the Eastern District of Wisconsin has taken the position that "release accounts may be used to pay off filing fees," and requested the state to respond to plaintiff's request. The state opposed the motion on other grounds, the plaintiff has subsequently filed a motion to withdraw his request, and the court took that motion under advisement. *Id.*, dkts. #19, #23. As such, that case does not support plaintiff's position.

Plaintiff also cites two decisions from the Eastern District of Wisconsin, but neither supports his position. Indeed, in *Harrell v. Rowe*, Case No. 16-cv-694 (E.D. Wis. October 11, 2016), the court denied the plaintiff's request to access his release account funds for payments beyond the initial partial filing fee. Dkt. #22, at 1 ("This court has found no authority to access the release account outside of an initial partial filing fee ...."). In *Nicholson v. Eckstein*, Case No. 16-cv-310-PP, dkt. #7, at 2-3 (E.D. Wis. May 13, 2016), the court did permit plaintiff to pay the full $400 filing fee from his release account, commenting that the court "respects the plaintiff's choice to use his release funds to pay the filing fee." Yet that court subsequently denied a request to pay the full appellate filing fee from his release account, concluding that while the court will consider such requests from prisoners, it was not appropriate to deplete the plaintiff's release account in that instance. *Id.*, dkt. #23, at 2.

The court is unconvinced that either of these cases suggests that plaintiff is *entitled* to access his release account to pay the entire filing fee. At most, the *Nicholson* orders indicate that the Eastern District of Wisconsin considers requests to access release accounts on a case by case basis. As that order neither cites the PLRA nor an opinion from the Court of Appeals from the Seventh Circuit, this court is not bound by it.

Again, if plaintiff wishes to proceed with this lawsuit, he must either pay the $400 filing fee or submit a properly supported motion for leave to proceed without prepayment of the filing fee no later than May 18, 2017. As previously stated, if I find that plaintiff is indigent, I will calculate an initial partial payment amount that must be paid before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that plaintiff Dorian V. Neal's Motion for Reconsideration (dkt. #5) is DENIED. Plaintiff may have until May 18, 2017 to submit the $400 filing fee or a motion for leave to proceed without prepayment and a trust fund account statement for the period beginning approximately August 1, 2016 and ending approximately February 1, 2017. If, by May 18, 2017, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be closed without prejudice to plaintiff filing the case at a later date.

Entered this 26th day of April, 2017.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DORIAN V. NEAL,

    Plaintiff,

v.

REED RICHARDSON , JASON
ACTHERBERG, AND BRAD LUNMARK,

    Defendants.

ORDER

Case No. 17-cv-146-wmc

**PRISONER REQUEST TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYING THE FULL FILING FEE**

Answer the following questions to the best of your ability.
**Note**: If you do not tell the truth, the court may dismiss your lawsuit.

**I.**      **Personal Information**

1)     Your name: _____

    (a)     State the place of your incarceration and provide your prisoner identification number:

    _____      _____
               (place)                                       (number)

    (b)     Are you employed at the institution?      ☐ Yes      ☐ No

    (c)     Do you receive any payment from the institution?      ☐ Yes      ☐ No

**Attach a printout of your prison trust account statement showing transactions for the six-month period immediately preceding the filing of this request and showing the current balance of your account.**

2)     Do you have any dependents that you are responsible for supporting?

    ☐ Yes      ☐ No

    If "yes," list them below.

| Name or initials (for minor children only) | Relationship to You | Age | Amount of Support Provided per Month |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

**II.** **Property or Assets:** - If you are married, your answers must *include your spouse's property.*

1 ) Do you own a car?

□ Yes □ No If "yes," list the car(s) below:

| Make and Model | Year | Approximate Current Value |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

2) Do you own your home(s)? □ Yes □ No

If "Yes," state the approximate value(s). $ _____

What is the amount of equity (assessed value of residence minus outstanding mortgage balance) in the home(s)? $ _____

3) Do you have any cash or checking, savings, or other similar accounts?
□ Yes □ No

If "Yes," state the total of such sums. $ _____

4) Do you own any other property of value, such as real estate, stocks, bonds, trusts, or individual retirement accounts (e.g., IRA, 401 k), artwork, or jewelry?

□ Yes □ No

If "Yes," describe the property and the approximate value(s).

_____

_____

**III.    Litigation History**

       For each federal lawsuit that you recall having filed, list as much of the following information that you remember about each case: The name of the case (that is, the plaintiffs and the defendants), the case number or year of filing, and the federal district in which you filed the case. Use more paper if needed.

| Case Name<br>(Plaintiffs and defendants) | Case number<br>(or year of filing) | Federal district |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**IV.    Other Circumstances** - Describe any other financial circumstance(s) that you would like the court to consider when reviewing this petition.

_____

_____

_____

I, _____, declare that I am the plaintiff bringing this complaint. I declare that I am unable to prepay the full filing fee and that I am entitled to the relief sought in the complaint.

_____　　　　_____
Date　　　　　　　　　　　　　　　　　　　　　**Signature - Signed Under Penalty of Perjury**