IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DORIAN V. NEAL,

      Plaintiff,      OPINION AND ORDER

v.

               17-cv-146-wmc

REED RICHARDSON,
JASON ACHTERBERG,
and BRAD LUNDMARK,

      Defendants.

---

*Pro se* plaintiff Dorian Neal, an inmate at Stanley Correctional Institution ("SCI"), filed this lawsuit against several SCI employees alleging violations of his rights to due process, equal protection, and freedom from cruel and unusual punishment. Neal's complaint is ready for screening as required by the Prisoner Litigation Reform Act. *See* 28 U.S.C. § 1915A. Even construing Neal's allegations under the generous pleading standard afforded to *pro se* litigants, the court concludes that Neal's complaint fails to state a claim upon which relief can be granted and must be dismissed.

ALLEGATIONS OF FACT[1]

On July 18, 2016, Sergeant Koltis issued conduct report number 2802374, which SCI Security Director Jason Achterberg permitted to proceed as a major violation on July 19. Defendant Lundmark, who Neal describes as "captain and hearing officer" (Compl. (dkt. #1) 3), advised Neal of the conduct report on July 20 (*see* Conduct Report No.

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on a generous reading of the allegations in plaintiff's complaint, unless otherwise noted.

2802374 (dkt. #1-1) 1). Rather than hand Neal a copy of the report or even reviewing its contents orally, however, Captain Lundmark merely informed Neal that he would be punished by either receiving (1) sixteen days of cell confinement if he waived his right to a hearing, or (2) thirty days of disciplinary segregation if he did not waive his right. Even after Neal *asked* to review the conduct report's contents and circumstances, Lundmark allegedly only told him that he was guilty and again informed him of his disciplinary options. When Neal then asked again to see the report, Lundmark allegedly said, "Let's get this over, what do you want 16 days of cell confinement or 30 days in segregation?" (*See* Compl. (dkt. #1) 4.)

Given these two choices, Neal accepted the shorter period of cell confinement, at which point Lundmark had him sign the conduct report to acknowledge his receipt of the report *and* his waiver of any administrative rights. Neal also signed the bottom of the Adult Conduct Report, which details the disposition of "16 Days Room Confinement / loss of electronics." (Conduct Report No. 2802374 (dkt. #1-1) 1.) The sixteen days' confinement also resulted in Neal losing his job at the Badger State Industries Sign Shop. (*See* Letter (dkt. #1-1) 9.) The same page also provides a description of the incident leading to the report, the rules allegedly violated, and the fact that it was being processed as a major discipline. Along with the complaint, Neal filed his own "Notice of Major Disciplinary Hearing Rights" form. (*See* Notice (dkt. #1-1) 2.) On this form, Neal acknowledged that he "fully underst[oo]d" the Notice; waived his right to a hearing; admitted guilt; "agree[d] to an uncontested major disposition"; and acknowledged "understand[ing his] rights by accepting an uncontested major disposition." (*See* Notice (dkt. #1-1) 2.)

2

Once Neal received a copy of the conduct report, he reviewed it and questioned: (1) how his possession of eight pages of pornography could create a major disruption to the facility and warrant a major conduct report; and (2) what order had he disobeyed leading to the conduct report itself. He also tried to appeal, arguing that his waiver of rights had been coerced, but that appeal was denied. Neal then filed an inmate complaint, but that was rejected.[2] He sought discretionary review of the conduct report, but that too was denied. He then wrote a letter to the Department of Corrections Secretary, Jon Litscher. (*See id.* at 8-10.)

OPINION

Plaintiff contends that: (1) defendant Achterberg violated his due process and equal protection rights, as well as his right to be free from cruel and unusual punishment, by permitting the conduct report to proceed as a major violation without detailing what order he had disobeyed, explaining where and when the order was given, or providing a good reason for it; (2) defendant Lundmark violated his due process rights by coercing his acceptance of the guilt determination without providing him a copy of the conduct report before Neal decided whether to contest and determining guilt without providing Neal an opportunity to defend himself; and (3) defendant Richardson violated his right to be free from cruel and unusual punishment by failing to investigate the issuance of conduct report

---

[2] The notice of rejection indicates that the inmate complaint was "rejected pursuant to DOC 310.11(5)(d), because it fail[ed] to adhere to the filing requirement," having been filed "[b]eyond [the] 14 calendar day limit." (Nov. 11, 2016 ICE Rejection (dkt. #1-1) 13.) After that rejection, Neal filed a second inmate complaint, which was rejected as duplicative. (*See* Nov. 14, 2016 ICE Rejection (dkt. #1-1) 17.) Apparently also without success, Neal requested review of that rejection on November 21, 2016. (Request for Review (dkt. #1-1) 20.)

3

number 2802374 through the grievance process. The court will address the claim asserted against each defendant in the order just recited. As explained below, however, only plaintiff's due process claim against defendant Lundmark will be allowed to proceed.

## I. Defendant Achterberg

Plaintiff may not proceed against defendant Achterberg because his allegations do not state a claim for relief.

### A. Due Process

Inherent in plaintiff's complaint is the recognition that there was a basis for the issuance of a conduct report. (*See* Compl. (dkt. #1) 5 ("[A] similar inmate, in the same institution, with a similar history would have received (5) days of cell confinement for the possession of (8) pages o[f] adult pornography, a minor offense . . . .").) While plaintiff complains that the specific order and its posting location were not specified, he neither disputes that there was an order prohibiting the possession of pornography nor that he had received notice of it at some point. In fact, he recognized that possession was at least a minor offense. (*Id.*)

Additionally, Achterberg's decision to categorize the offense conduct as major, instead of minor, does not give rise to a due process claim, since it would be unreasonable to infer that plaintiff lost a liberty interest. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485

F.3d 934, 939 (7th Cir. 2007). In the prison context, deprivations of a liberty interest amounting to an "atypical and significant hardship" bring the due process clause into play. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

However, sixteen days of cell confinement, alone, does not constitute a deprivation of a liberty interest, *see Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) ("[A] liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh."). Indeed, plaintiff has not pled facts suggesting that his short stint on cell confinement were substantially restrictive or harsh or that he was denied any of life's necessities during that period of time. Accordingly, plaintiff cannot proceed with a due process complaint against defendant Achterberg.

### B. Equal Protection

By complaining that "a similar inmate, in the same institution, with a similar history would have received (5) days of cell confinement for the possession of (8) pages o[f] adult pornography, a minor offense" (Compl. (dkt. #1) 5), plaintiff raises the specter of an equal protection claim. However, he does not tie this allegation to a protected characteristic, such as race, religion, or sex. In the Seventh Circuit, a "class of one" plaintiff would have to both "plead and prove that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Glover v. Dickey*, 668 Fed. Appx. 158, 160 (7th Cir. 2016) (quoting *D.B. ex rel. Kurtis B. Kopp*, 725 F.3d 681, 685-86 (7th Cir. 2013)).

5

Here, plaintiff only alleges that he received a greater punishment than a hypothetical similarly-situated prisoner; he does not allege that it was because of personal animus or another illegitimate reason. Simply alleging that he got a greater punishment than a single other is not enough to proceed.

## C. Proportionality

Finally, plaintiff alleges that his right to be free from cruel and unusual punishment was violated by defendant Achterberg's decision to allow the conduct report to proceed as a major offense. As noted previously, plaintiff alleges that a similarly-situated inmate would have received a shorter punishment for possessing eight pages of adult pornography. (Compl. (dkt. #1) 5.)

The Seventh Circuit has recognized "forms of punishment that are permitted for serious crimes may violate the [cruel and unusual punishment] clause if imposed for trivial ones." *Pearson v. Ramos*, 237 F.3d 881, 885 (7th Cir. 2001) (*citing Solem v. Helm*, 463 U.S. 277 (1983); *Rice v. Cooper*, 148 F.3d 747, 752 (7th Cir. 1998); *Leslie v. Doyle*, 125 F.3d 1132, 1135 (7th Cir. 1997); *United States v. Saccoccia*, 58 F.3d 754, 787-89 (1st Cir. 1995)). Although this "norm of proportionality" is usually discussed in the context of sentencing for a criminal conviction, the Seventh Circuit at least recognized that it *could* conceivably apply to prison discipline. *Pearson*, 237 F.3d at 885. In doing so, the court stated that "we can imagine the norm's [requirement of proportionality] being violated by imposing a 90–day denial of yard privileges for some utterly trivial infraction of the prison's disciplinary rules." *Id.*

However, plaintiff's violation and punishment here falls well within any reasonable norm of proportionality. First, neither the court nor a reasonable jury are in a position to conclude that the unauthorized possession of adult pornography in a prison setting is a trivial, much less utterly trivial, infraction, particularly given the dangers of commercializing contraband. Second, sixteen days of cell confinement and loss of electronics, even if three times as long as the hypothetical punishment received by the similarly-situated inmate referenced by plaintiff, simply is not substantial (or disproportionate enough to constitute cruel and unusual) punishment.

For all these reasons, plaintiff has failed to state a viable claim against defendant Achterberg.

## II. Defendant Richardson

Plaintiff also faults defendant Richardson for mishandling his grievances and appeals by refusing to consider them for procedural reasons and refusing to conduct any investigation. These allegations similarly do not state a claim upon which relief may be granted.

The U.S. Constitution does not require prisons to enact grievance procedures or to handle grievances in a particular way. *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("[T]he inadequacies of the grievance procedure itself . . . cannot form the basis for a constitutional claim."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate

in the underlying conduct states no claim."). If a prison official's misconduct prevents a prisoner from completing the grievance process, then the prisoner may be excused from the requirement in 42 U.S.C. § 1997e(a) to exhaust his administrative remedies, *Kervin*, 787 F.3d at 835, but the misconduct itself does not provide the basis for a claim for relief in federal court. Accordingly, plaintiff will also not be allowed to proceed against defendant Richardson.

**III. Defendant Lundmark**

At the heart of plaintiff's complaint are his due process claims against defendant Lundmark for allegedly coercing acceptance of a guilty plea by: (a) failing to provide a copy of the conduct report before plaintiff was required to decide whether to contest the report; (b) determining plaintiff's guilt without providing plaintiff a meaningful opportunity to defend himself; and (c) imposing a greater punishment in advance of any determination of guilt should he elect to dispute the conduct report.

Many constitutional rights, including those to due process, can be validly waived *if* the waiver is "knowingly, intelligently and voluntarily made." *State ex rel. Hoover v. Gagnon*, 124 Wis. 2d 135, 143, 368 N.W.2d 657 (1985) (concluding that prisoner was informed of his rights to a formal hearing and that the waiver of a hearing "was knowingly, intelligently and voluntarily made" where he signed a formal hearing waiver form "certif[ying] that he had read, or had had someone read to him, and understood the Notice of Major Disciplinary Hearing Rights"). Plaintiff essentially argues that both his admission of guilt and accompanying waivers of rights were invalid because he could not review the conduct report before being forced to pick his disciplinary poison, meaning that his

selection of the shorter punishment in exchange for waiving his right to appeal was not "knowing[], intelligent[, *or*] voluntary." Still, plaintiff's allegations fall short of stating a due process claim against Lundmark for the reason already explained: plaintiff's punishment did not amount to a loss of liberty. Accordingly, plaintiff's complaint fails to state a due process claim against Lundmark. Since his complaint otherwise fails to state a claim, the court is dismissing it in whole for that reason.

ORDER

IT IS ORDERED that:

1) Plaintiff Dorian Neal is DENIED leave to proceed on any claims in this lawsuit because plaintiff fails to state a claim upon which relief can be granted, and all defendants are DISMISSED.

2) This dismissal shall count as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma* pauperis unless he is in imminent danger of serious physical injury).

Entered this 23rd day of March, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge